ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
JAMIE K. COMBS, ESQ.
Nevada Bar No. 13088
**AKERMAN LLP**
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone:   (702) 634-5000
Facsimile:    (702) 380-8572
Email:  ariel.stern@akerman.com
Email:  melanie.morgan@akerman.com
Email:  jamie.combs@akerman.com

*Attorneys for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Holders of the SAMI II Trust 2006-AR7*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE HOLDERS OF THE SAMI II TRUST 2006-AR7,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY, AS SUCCESSOR TO UNITED CAPITAL TITLE INSURANCE COMPANY; DOES I THROUGH X; AND ROE CORPORATIONS I THROUGH X,<br><br>Defendants. | Case No.: 2:20-cv-02124-RFB-BNW<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(SPECIAL SCHEDULING REVIEW REQUESTED)** |

Pursuant to Local Rule 26-1, the parties submit their proposed discovery plan and scheduling order.

///

///

///

///

57359623;1

**Meeting:** Pursuant to FRCP 26(f) and LR-26-1(a), a meeting was held on February 19, 2021, and was attended by Jamie K. Combs, Esq., counsel for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Holders of the SAMI II Trust 2006-AR7 (**BoNYM**), Kevin S. Sinclair, Esq. and Sophia S. Lau, Esq., counsel for Fidelity National Title Insurance Company, as successor to United Capital Title Insurance Company (**Fidelity**).[1]

**1.   Pre-Discovery Disclosures:** Pursuant to FRCP Rule 26(a)(1), the parties will make their pre-discovery disclosures, including but not limited to any computation(s) of damages required pursuant to FRCP 26(a)(1)(A)(iii), by **Friday, April 5, 2021**.

**2.   Areas of Discovery:** Discovery should include, but not be limited to: all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

**3.   Discovery Plan:** *Special Scheduling Review Requested:* The parties request a discovery plan of 240 days from the date of appearance of the first answering defendant. Pursuant to LR 26-1(b)(1), the 240 days of discovery runs from the first time the first defendant answers or otherwise appears. Here, Fidelity appeared on January 19, 2021, by filing a motion to dismiss [ECF No. 10]. The discovery deadlines herein have been calculated from that date.

The parties' experience in litigating these types of cases is that the standard 180-day deadline is too tight to conduct discovery on all issues, particularly where there will be subpoenas issued to non-parties and counsel previously has experienced difficulty in obtaining documents in response to these subpoenas, which may require the filing of motions to compel. Moreover, the parties anticipate the issues in this action will require multiple party, expert and non-party depositions. While the parties intend to participate in discovery in good faith and will attempt to resolve any discovery disputes informally, the parties anticipate the need to seek court intervention on certain issues based on the parties' prior experience in similar cases. Further, the parties anticipate delays in taking and obtaining discovery given the continuing COVID-19 situation, including office closures, travel restrictions, etc. Although the parties currently believe that an additional sixty (60) days will

---

[1] Fidelity submits this proposed joint discovery plan without waiver of its right to seek a stay of the action. Fidelity intends to seek a stay of the action pending the appeal of several matters before the Ninth Circuit involving similar legal issues if BoNYM does not stipulate to a stay.

2

57359623;1

be adequate to allow sufficient time to conduct all discovery and resolve all pertinent disputes in a way that is most convenient and economical for the court, the parties reserve their rights to seek further extensions if additional time is needed.

**4.** **Discovery Cut-Off Dates:** The parties propose that discovery must be commenced and completed no later than **Thursday, September 16, 2021**, (240 days after Fidelity appeared), and be conducted as follows:

**A.** **Amending the pleadings and Adding Parties:** The parties shall have until **Friday, June 18, 2021**, to file any motions to amend the pleadings to add parties, ninety (90) days prior to the discovery cut-off date, pursuant to LR 26-1(b)(2).

**B.** **FRCP 26(a)(2) Disclosures of Experts:** Expert witness disclosures shall be made on or before **Monday, July 19, 2021**, sixty (60) days prior to the discovery cut-off. Disclosures regarding rebuttal experts shall be made on or before **Wednesday, August 18, 2021**, thirty (30) days after the initial disclosures of experts. The requirements of FRCP 26(a)(2)(B) shall apply to any such disclosures.[2]

**C.** **Dispositive Motions:** The parties shall have until **Monday, October 18, 2021**, to file dispositive motions, thirty (30) days after the discovery cut-off. In the event the discovery cut-off is extended, the deadlines for filing dispositive motions automatically will be extended until thirty (30) days after the new discovery cut-off date.[3]

**D.** **Pre-Trial Order:** The parties will prepare a consolidated pre-trial order on or before **Wednesday, November 17, 2021**, which is not more than thirty (30) days after the date set for filing dispositive motions in the case. This deadline will be suspended if dispositive motions are timely filed until thirty (30) days after the decision of the dispositive motions or until further order of the court. The disclosure required FRCP Rule 26(a)(3) and objections thereto, shall be made in the pre-trial order.

---

[2] The date occurring 60 days prior to the discovery cut-off falls on Sunday, July 18, 2021. The parties agree to move this deadline to the following business day.

[3] The date occurring 30 days after the discovery cut-off falls on Saturday, October 16, 2021. The parties agree to move this deadline to the following business day.

3

57359623;1

   **E.** **Court Conferences:** If the court has questions regarding the dates proposed by the parties, the parties request a conference with the court before entry of the scheduling order.

   **F.** **Extensions or Modifications of the Discovery Plan and Scheduling Order:** LR 26-3 governs modifications or extensions of this discovery plan and scheduling order. Any stipulation or motion to extend a deadline set forth in the discovery plan and scheduling order must be made not later than twenty-one (21) days before the subject deadline. Any stipulation or motion to extend the discovery cut-off period must be made no later than **Thursday, August 26, 2021**, twenty-one (21) days before the discovery cut-off date.

  **5.** **Other Items:**

   **A.** **Format of Discovery:** Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to request such electronic data as discovery progresses.

   **B.** **Alternative Dispute Resolution:** The parties hereby certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation (collectively, **ADR**) and determined that ADR is not a viable option at this time.

   **C.** **Alternative Forms of Case Disposition:** The parties hereby certify they considered consent to trial by a magistrate judge and use of the short trial program and do not consent to either at this time.

///
///
///
///
///
///
///

4

57359623;1

D. **Electronic Evidence:** At this juncture, the parties do not intend to present electronic evidence for purposes of jury deliberations.

Dated this 23rd day of March, 2021.

| **AKERMAN LLP** | |
|---|---|
| /s/ Jamie K. Combs | /s/ Sophia S. Lau |
| ARIEL E. STERN, ESQ.<br>Nevada Bar No. 8276<br>MELANIE D. MORGAN, ESQ.<br>Nevada Bar No. 8215<br>JAMIE K. COMBS, ESQ.<br>Nevada Bar No. 13088<br>1635 Village Center Circle, Suite 200<br>Las Vegas, NV 89134<br><br>*Attorneys for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Holders of the SAMI II Trust 2006-AR7* | SCOTT E. GIZER, ESQ.<br>Nevada Bar No. 12216<br>SOPHIA S. LAU, ESQ.<br>Nevada Bar No. 13365<br>**EARLY SULLIVAN WRIGHT GIZER & MCRAE**<br>8716 Spanish Ridge Avenue, Suite 105<br>Las Vegas, NV 89148<br><br>KEVIN S. SINCLAIR, ESQ.<br>Nevada Bar No. 12277<br>**SINCLAIR BRAUN LLP**<br>16501 Ventura Boulevard, Suite 400<br>Encino, CA 91436<br><br>*Attorneys for Defendant* |

## ORDER

**IT IS SO ORDERED**

**DATED:** 12:02 pm, March 26, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

57359623;1